UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P784-H

MARTIN ALBERT GORDON A/K/A ROBERT HILL                    PLAINTIFF

v.

D. DIENETHAL *et al.*                                     DEFENDANTS

## MEMORANDUM OPINION

Plaintiff initiated this civil action under 42 U.S.C. § 1983. Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current address. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

The Clerk of Court mailed an Order to Plaintiff on March 14, 2011, at the address he provided to the Court at the Fulton County Detention Center. On March 21, 2011, the mailing was returned by the United States Postal Service marked "Return to Sender; Refused; Unable to Forward." Moreover, the Court's search of the Kentucky Department of Corrections' website and VineLink.com shows that Plaintiff is no longer incarcerated in Kentucky. Plaintiff had three additional cases[1] pending before the U.S. District Court for the Western District of Kentucky. In response to Orders mailed to Plaintiff in each of those three cases, the Fulton County Detention Center sent a letter to the Court, dated March 8, 2011, stating that Plaintiff is no longer incarcerated there.

---

[1]The cases are Civil Action Numbers 3:08CV-P460-S; 3:08CV-P667-H; and 4:10CV-P91-M. Those cases were dismissed for failure to prosecute and failure to comply with the scheduling orders entered in those cases.

Plaintiff has not advised the Court of a change of address, and neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff. In such situations, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Furthermore, Fed. R. Civ. P. 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Because Plaintiff appears to have abandoned the prosecution of this case, the Court will dismiss the case by separate Order.

Date:

cc: Plaintiff, *pro se*

4412.010